D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**ROBERT KAISERMAN,**

         **Plaintiff,**

v.

**OLD FIELD CLUB, INC., OLD FIELD**
**CLUB BEACH AND TENNIS, LLC, and**
**BOB BRENNAN,**

         **Defendants.**
-----------------------------------------------------------x

**COMPLAINT**

**CASE NO.:**

**DEMAND FOR JURY TRIAL**

Plaintiff Robert Kaiserman alleges as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff Kaiserman brings this action against Defendants alleging wage and hour claims brought under the Fair Labor Standards Act ("FLSA") 28 U.S.C. §§ 201 *et seq*, and New York Labor Law §§ 190 *et seq.* and §§ 651 *et seq*, and discrimination claims brought under 42 U.S. Code § 1981 (Section 1981) and New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL").

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA and Section 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Old Field Club, Inc. is New York non-for-profit corporation that owns and operates the Old Field Club in Suffolk County, New York.

5. Defendant Old Field Club Beach and Tennis Club, LLC ("Old Field Club") is a New York Corporation operates the catering facility at the old Beach Club in Suffolk County, New York.

6. Defendants' gross sales exceed $500,000.

7. Defendant Bob Brennan is the President of Old Field Club and has and exercises authority over hiring and firing, scheduling, employee discipline, rates of pay, and record maintenance.

8. Plaintiff Robert Kaiserman is a New York resident. Plaintiff worked for Defendants as a catering manager for roughly 3 years, ending in mid-April 2019.

## FACTS

9. Plaintiff is 57 years old, and he is Jewish.

10. Plaintiff and his coworker Deb Zorba (head of sales) were among the oldest employees at Old Field Club. In addition, upon information and belief, they were – with the exception of a bookkeeper – the only Jewish employees at the Old Field Club out close to 70 employees.

11. As catering manager, Plaintiff's duties were to essentially manage all parties, large and small, at the Old Field Club.

12. Plaintiff was a hard-working employee and was always commended for his work.

13. In or about late 2017, a deal for catering at a new location fell through for Defendants, and they were left with several additional employees whom they had hired in anticipation of the new location.

14. Shortly thereafter, Defendants stripped Plaintiff of half his duties, giving him responsibilities with respect to weddings only. Defendants gave responsibility for all non-wedding events to a 37-year old non-Jewish employee, Stephanie Jordan, who had been hired in anticipation of operations at the new location.

15. At this same time, Defendants changed the guaranteed salary portion of Plaintiff's pay to an hourly rate, resulting in lower overall pay for Plaintiff.

16. After this change, Dennis Mannarino, general manager, made several ageist comments to Plaintiff. For example, he often told Plaintiff, "It's hard to do physical labor at our age." Mr. Mannarino is about Plaintiff's age, but as General Manager he does not regularly perform physical labor. He also asked Plaintiff "How much longer do you think you can do this?" and "How many more years do you think you have in you?"

17. Ms. Jordan also made comments about Plaintiff's age, often telling him, "You're old", "We do things differently nowadays," or "You're too old to move." She also asked Plaintiff several times when he was going to retire.

18. On April 8, 2019, Defendants terminated Plaintiff's employment. Mr. Mannarino confirmed to Plaintiff that he and Ms. Jordan made the decision to terminate Plaintiff.

19. Deb Zorba was terminated that same day. No other employees at the Old Field Club were terminated that day.

20. Plaintiff was a consistently strong performer. The facts that (a) he and Ms. Zorba were among the oldest and the only Jewish employees at Old Field Club, (b) Defendants expressed a discriminatory animus against him, (c) he was a consistently good performer, and (d) he was replaced with a much younger non-Jewish employee, show that he was terminated on the basis of his age and his Jewish race and religion.

21. When Plaintiff was paid on hourly basis, he was paid $20 per hour plus $2 per wedding attendee. When Plaintiff worked overtime, he was paid $30 per hour for overtime hours, and Defendants illegally failed to include the additional $2 per-person payments into his regular rate for purposes of calculating the overtime owed to him. (In other words, his regularly rate was actually the total amount he was paid, $20 per hour plus all the per-person fees, divided by all of his hours worked. His overtime rate should have been 1.5 times that amount.)

22. Plaintiff usually worked an 11-hour day when he was working a wedding. Defendants never paid him New York's spread of hours premium for those days.

23. Plaintiff's paystubs did not include his proper overtime rate.

24. Plaintiff was not given a wage notice at the beginning of his employment as required by NYLL § 195(1).

**FIRST CLAIM FOR RELIEF**
(Section 1981- Discrimination)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. In violation of Section 1981, Defendants intentionally and willfully discriminated against Plaintiff on the basis of his race.

4

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
(New York State Human Rights Law – N.Y. Exec. Law § 296 –
Age, Race, and Religious Discrimination)

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of his age, race, and/or religion.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to

emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

34. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

37. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

38. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

39. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Lab. L. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

42. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

43. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

46. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## SIXTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48. Plaintiff had workdays that lasted more than ten (10) hours.

49. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       July 3, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.