D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**ROBERT KAISERMAN,**

        **Plaintiff,**

v.

**OLD FIELD CLUB, INC., OLD FIELD**
**CLUB BEACH AND TENNIS, LLC, and**
**BOB BRENNAN,**

        **Defendants.**
-------------------------------------------------------x

**AMENDED COMPLAINT**

**CASE NO.: 19-CV-03884-PKC-RML**

**DEMAND FOR JURY TRIAL**

Plaintiff Robert Kaiserman alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Kaiserman brings this action against Defendants alleging wage and hour claims brought under the Fair Labor Standards Act ("FLSA") 28 U.S.C. §§ 201 *et seq,* and New York Labor Law §§ 190 *et seq.*").

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Old Field Club, Inc. is New York non-for-profit corporation that owns and operates the Old Field Club in Suffolk County, New York.

5. Defendant Old Field Club Beach and Tennis Club, LLC ("Old Field Club") is a New York Corporation operates the catering facility at the old Beach Club in Suffolk County, New York.

6. Defendants' gross sales exceed $500,000.

7. Defendant Bob Brennan is the President of Old Field Club and has and exercises authority over hiring and firing, scheduling, employee discipline, rates of pay, and record maintenance.

8. Specifically, Old Field Club's General Manager, Dennis Mannarino, actively managed the club. He implemented all important decisions, including: (a) he hired and fired employees, including Plaintiff, (b) he scheduled employees, including Plaintiff, (c) he disciplined employees including Plaintiff, and (d) he set the rates of pay for employees including Plaintiff.

9. Mr. Mannarino made these management decisions, and all other decisions relating to management of the Old Field Club, under the direction of the Old Field Club's president, Bob Brennan.

10. Mr. Brennan met with Mr. Mannarino periodically, several times per month to discuss all issues relating to management of the Old Field Club.

11. As the President, and having regularly met with Mr. Mannarino about Old Field Club management, Mr. Brennan had an exercised the ultimate authority with respect to managing employees at the Old Field Club, including Plaintiff.

12. Plaintiff Robert Kaiserman is a New York resident. Plaintiff worked for Defendants as a catering manager for roughly 3 years, ending in mid-April 2019.

## FACTS

13. Plaintiff worked for Defendants as a catering manager for roughly 3 years, ending in mid-April 2019.

14. In or about late 2017, Defendants began to pay Plaintiff on an hourly basis, plus a fixed amount-$2-for each event guest.

15. When Plaintiff was paid on hourly basis, he was paid $20 per hour plus $2 per event attendee. When Plaintiff worked overtime, he was paid $30 per hour for overtime hours, and Defendants illegally failed to include the additional $2 per-person payments into his regular rate for purposes of calculating the overtime owed to him. (In other words, his proper regularly rate was actually the total amount he was paid, $20 per hour plus all the per-person fees, divided by all of his hours worked. His overtime rate should have been 1.5 times that amount.)

16. Plaintiff worked significant overtime. For example, Plaintiff's paystub dated 8/22/2018, indicates that he had been paid $3,140 in overtime that year to date, or at least 100 of overtime worked that year.

17. Plaintiff usually worked an 11-hour day when he was working a wedding. Defendants never paid him New York's spread of hours premium for those days.

18. Plaintiff's paystubs did not include his proper overtime rate.

19. Plaintiff was not given a wage notice at the beginning of his employment as required by NYLL § 195(1).

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

22. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

23. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

24. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L.**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

27. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

28. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30. Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

31. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. Plaintiff had workdays that lasted more than ten (10) hours.

34. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

35. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, compensatory damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       October 16, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By:    /s/ D. Maimon Kirschenbaum
     D. Maimon Kirschenbaum
     32 Broadway, 5th Floor
     New York, NY 10279
     Tel: (212) 688-5640
     Fax: (212) 688-2548

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.