July 15, 2020

**VIA ECF**

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    *Robert Kaiserman v. Old Field Club, Inc.,*
                         Index No. 19-cv-3884

Dear Judge Chen:

      This joint letter is submitted on behalf of Plaintiff Robert Kaiserman and Defendants in the above action. We write to respectfully request (1) that the Court approve the parties' settlement as to the Fair Labor Standards Act ("FLSA") claim in this case because the settlement of this claim is fair and reasonable and (2) that the Court so order the parties' stipulation of dismissal of all claims with prejudice. The parties' executed FLSA settlement agreement is submitted herewith as Exhibit 1, and the executed stipulation of dismissal is attached as Exhibit A to the settlement agreement.

      In addition to the FLSA claim, in the Second Amended Complaint (Dkt. No. 25), Plaintiff has asserted age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL") (collectively, "discrimination claims"), and other wage and hour claims under the New York Labor Law ("NYLL").[1] As discussed below, following a panel mediation the parties reached a resolution of Plaintiff's FLSA claims.[2] As required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the parties now submit the FLSA settlement agreement for the Court's review.

---

[1] As Judge Azrack recently reiterated, the supervision requirement does not apply to resolution of Plaintiff's non-FLSA claims, which may be waived by private agreement. *See Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020); *Wright v. Brae Burn Country Club, Inc.,* 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law).

[2] The parties simultaneously resolved Plaintiff's non-FLSA claims by separate private agreement, a common practice in this District and the SDNY. *See Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016)("the parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against [Defendant] for the Court's approval as fair and reasonable under *Cheeks*; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under *Cheeks*…the Court approved of this proposed settlement structure"); *Santos v. Yellowstone Properties, Inc. et al.,* 2016 U.S. Dist. LEXIS 61994 (S.D.N.Y. May 10, 2016); *Chowdhury v. Brioni America, Inc.*, 2017 U.S. Dist. LEXIS 196469 (S.D.N.Y. Nov. 29, 2017). *Aly et al. v. Dr. Pepper Snapple Group, Inc. et al.*, No.

By way of background, Plaintiff was employed by Defendants as a catering manager for roughly three years ending in April 2019, when Defendants terminated his employment. Specifically, as concerns the FLSA, Plaintiff alleged Defendants failed to pay proper overtime at one and one-half times his regular hourly rate because in 2018 the Club improperly calculated his overtime rate by failing to include an additional $2.00 per event attendee payments into his regular rate.

On May 21, 2020, the parties attended an all-day remote mediation session before Raymond Nardo, Esq., a mediator with extensive FLSA experience in this District. *See* https://www.raynardo.com/about-mr-nardo.html. Following the mediation session, both parties accepted the mediator's proposal to resolve and settle the case. As part of the global resolution reached at mediation the Club agreed to pay 100 cents on the dollar for Plaintiff's FLSA claim. To ensure that the compensation for Plaintiff's FLSA violation exceeded Plaintiff's maximum recovery, Defendants "rounded" Plaintiff's assertion of FLSA damages up to $2,500, doubled it to account for FLSA liquidated damages, then added an additional one-third fee of $2,500 so that Plaintiff's personal recovery under the FLSA Agreement exceeds his full potential damages. *See* Ex. 1 (Agreement) ¶ 4, Ex. B. Thus, the parties respectfully request that Your Honor approve the FLSA settlement and dismiss this action.

To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). As set forth more fully below, the settlement is fair and reasonable and thus, should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

At the mediation, Plaintiff calculated $2,079 of overtime wages potentially owed to Plaintiff under the FLSA with the maximum possible damages for the FLSA overtime violation totaling approximately $4,158.[3] Under Defendants' calculations, Plaintiff's likely recovery of

---

1:18-CV-04230 (FB)(LB), 2019 U.S. Dist. LEXIS 124974 (E.D.N.Y. July 26, 2019; *Miuzzo v. Residential Fences Corp. et al.*, No. 2:18-CV-2901 (ARL) (E.D.N.Y. June 11, 2019); *Rodgers v. Faculty-Student Assoc. of the State Univ. of New York at Stony Brook, Inc. et al.*, No. 2:17-CV-02466 (JMA)(ARL) (E.D.N.Y. October 11, 2018); *Barenfaller v. Sportime Clubs, LLC et al.*, No. 2:19-CV-06536 (GRB)(ARL) (E.D.N.Y. May 6, 2020); *Greene v. Brady Risk Management Inc. et al.*, No. 2:19-CV-00970 (SJF)(GRB) (E.D.N.Y. December 13, 2019); *Shavis v. Pay-O-Matic Check Cashing Corp. et al.*, No. 1:19-CV-00484 (CBA)(LB), 2019 U.S. Dist. LEXIS 172820 (E.D.N.Y. October 4, 2019). The private agreement does not impinge in any way on Plaintiff's rights with respect to the FLSA Agreement (including his ability to discuss same). Should the Court require, the parties will make the non-FLSA agreement available for *in camera* review.

[3] Plaintiff estimated his overtime damages in the following manner. Plaintiff estimated the number of overtime hours he worked based on the pay stub in Plaintiff's possession. This pay stub states that as of August 19, 2018, Plaintiff had been paid $3140.10 in overtime wages. Because Defendants paid Plaintiff a flat overtime rate of $30 per hour, Plaintiff believes he had worked 104.67 hours of overtime thus far in 2018. This amounts to approximately 3 hours of overtime per week. Because Defendants began paying Plaintiff by the hour in late 2017, Plaintiff calculated his unpaid

overtime wages if prevailing would have been even less, approximately $1,600.[4] The parties – through Mediator Nardo – agreed that *bona fide* disputes existed regarding, *inter alia*, (1) the applicability of the Club's asserted FLSA coverage defenses; (2) the amount of damages based on the Parties' vigorous dispute concerning hours worked; and (3) the inclusion of the at-issue payments in Plaintiff's regular hourly rate. Notwithstanding those disputes, as part of resolution the Club is paying the total sum of $7,500 to resolve Plaintiff's FLSA claim. The FLSA settlement amount is approximately $3,342 more than Plaintiff's maximum possible recovery under the FLSA and Plaintiff's individual portion of the FLSA settlement is $842 more than the estimated FLSA damages.

Accordingly, the FLSA settlement amount is fair – it equates to full recovery plus liquidated damages. Plaintiff's calculation assumes that all facts alleged by Plaintiff are entirely correct. Defendants, however, presented substantial defenses to Plaintiff's FLSA claim, which could have limited the recovery even if Plaintiff prevailed. This resolution negotiated between experienced FLSA counsel assisted by an experienced mediator provides full value for the claim. Moreover, the parties reached this settlement before undertaking any significant discovery and the corresponding costs associated with the same. This settlement was also reached with the Defendants' motion to dismiss pending before the Court. By settling now, Plaintiff avoids the risk of a negative outcome to Defendants' motion. This settlement reduces the costs, and avoids the real risks, of continuing with this litigation.

The settlement was the product of extensive arms-length mediation between the parties conducted with the benefit of an excellent third-party mediator. The total settlement amount was the result of a mediator's proposal, which reflects the overall fairness of the process and outcome. The FLSA settlement agreement itself does not contain any offensive confidentiality provisions or any impermissible releases. Plaintiff has agreed to release Defendants only from FLSA claims. Agreement ¶ 2. Such narrowly-tailored wage-and-hour releases are routinely approved in this Circuit. *See, e.g.*, *White v. Banana Kelly Cmty. Improvement Assoc.*, No. 17-cv-8105 (HPB), 2018 U.S. Dist. LEXIS 195892, at *5-6 (S.D.N.Y. Nov. 16, 2018) (citing cases).

Finally, the settlement provides for reasonable attorneys' fees and costs to Plaintiff's counsel. Under the settlement agreement, Plaintiff's counsel will receive one third of the settlement amount – $2,500 – as reimbursement of costs and attorneys' fees. This amount is reasonable considering the work associated with briefing Defendants' initial motion to dismiss (Dkt. No. 16), and the subsequent all-day mediation which resulted in this settlement. The proposed fee award of

---

overtime during the time period of Jan. 1, 2018-April 8, 2019. During this 77-week period (52 weeks for 2018, and 15 weeks for 2019), Plaintiff estimated that he worked approximately 231 hours of overtime (3 hours x 77 weeks = 231 hours). Plaintiff then estimated that, on average, an event that he managed would have approximately 120 guests. This amounts to an additional $240 per event to be added to his base rate in calculating the correct overtime amount. Thus, in a week when Plaintiff worked at least 40 hours, his base rate would be $26 per hour (40 hours x $20.00 + $240 = $1,040 … $1,040 /40 hours = $26 per hour). Thus, Plaintiff estimated that his overtime rate should have been approximately $39 per hour ($26 per hour x 1.5 = $39 per hour) instead of the $30 per hour Defendants paid him. Plaintiff estimated that he was underpaid $9 per hour for every overtime hour he worked. Thus, according to Plaintiff, Defendants' owe Plaintiff $2,079 in unpaid wages ($9 x 231 hours = $2,079), plus an additional $2,079 in liquidated damages.

[4] Plaintiff's best case FLSA recovery was subject to several defenses. Because Defendants agreed to pay the full amount of the claim, we do not discuss those at length here.

3

one-third of the settlement amount should be approved because it was consensual, agreed to by Plaintiff, and consistent with fee arrangements routinely approved in FLSA settlements in this Circuit.

Under Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14-cv-9063, 2016 U.S. Dist. LEXIS 99669, at *6–7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of the fund method"). Using this method, "attorneys' fee awards of one third or less of the total settlement amount are generally accepted" in this Circuit. *Cionca v. Interactive Realty, LLC*, No. 15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted)).[5]

For the foregoing reasons, the parties jointly request that the Court approve the FLSA Settlement Agreement, so order the stipulation of dismissal, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

Respectfully submitted,

_s/Michael DiGiulio_
Michael DiGiulio
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff*

---

[5] Given the full day mediation attended by two Joseph & Kirschenbaum LLP attorneys, the actual fees incurred in this case far exceed the fee sought in this Agreement. Nevertheless, should the Court so desire, the firm's contemporaneous billing records will be submitted to the Court immediately upon request.

*s/Noel P. Tripp*
Noel P. Tripp
JACKSON LEWIS P.C.
58 South Service Rd., Ste. 250
Melville, NY 11747
(631) 247-0404

*Attorneys for Defendants*